**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CRAIG SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-629 |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

COMES NOW Plaintiff, CRAIG SCOTT, by and through his attorneys, Weilmuenster & Keck, P.C., and for his Complaint against the Defendant, THE UNITED STATES OF AMERICA, states as follows:

1. That this Court has exclusive jurisdiction over this matter, pursuant to 28 U.S.C. § 1346(b), as this matter involves a claim for money damages against the United States for the personal injuries caused by the negligent acts and omissions of government agents and/or employees while acting within the scope of their employment.

2. That venue is proper, pursuant to 28 U.S.C. § 1346(b), as the incident at issue occurred in St. Clair County, Illinois, within the Southern District of Illinois.

3. That Plaintiff timely presented his Federal Tort Claim Act claim with the U.S. Department of Health and Human Services ("HHS") on or about March 30, 2017, and said agency having had six (6) months to investigate said claim, Plaintiff has satisfied the administrative prerequisites to filing this action.

4. That at all times relevant to this cause of action, the Defendant, THE UNITED STATES OF AMERICA, by and thorough HHS and its agents and/or employees, was a provider

of medical care and treatment, including certain care and treatment rendered within the Belleville Family Health Center.

5. That for purposes of claims arising under the Federal Tort Claims Act, the Belleville Family Health Center was a medical facility owned and/or operated by Southern Illinois Healthcare Foundation.

6. That in at least March and April of 2015, Southern Illinois Healthcare Foundation was a Health Center Program grantee and an FTCA-deemed Public Health Service employee under 42 U.S.C. 233.

7. That Plaintiff was a patient of and had received care at the Belleville Family Health Center on numerous occasions, including but not necessarily limited to April 14, 2006; April 24, 2006; May 5, 2006; May 8, 2006; June 9, 2006; June 16, 2006; May 31, 2011; July 8, 2011; August 11, 2011; December 30, 2011; March 16, 2012; May 17, 2013; July 14, 2014; and June 19, 2015.

8. That on March 31, 2015, Plaintiff presented to the Memorial Hospital Emergency Department with a complaint of pain in his right toe.

9. That at the time of Plaintiff's treatment at Memorial Hospital, Plaintiff's primary care and/or family physician was noted to be Erynn Elizabeth Elleby, M.D.

10. That in the Emergency Department, Plaintiff came under the care of Kevin Clark, PA-C.

11. That Mr. Clark ordered a venous Doppler of Plaintiff's right lower leg and an ankle brachial index.

12. That Plaintiff returned to Memorial Hospital on April 4, 2015, and underwent a venous duplex scan of his right lower extremity and an arterial Doppler of his right leg.

13. That according to the medical record, Dr. Elleby was copied on the Emergency Room Visit Report, venous duplex report, and arterial Doppler report.

14. That upon information and belief, in April of 2015, agents and/or employees of the Belleville Family Health Center received medical reports regarding Plaintiff.

15. That upon receiving medical reports regarding Plaintiff in April of 2015, agents and/or employees of the Belleville Family Health Center took no action to provide treatment or to notify Plaintiff of the results, his condition, or the need for treatment.

16. That in June of 2015, Plaintiff was diagnosed with nonfilling of the anterior tibial artery, and in July of 2015, Plaintiff underwent a partial amputation of his right leg.

17. That at all relevant times, Defendant owed a duty to Plaintiff to provide such care and treatment in accordance with a reasonably competent medical care provider.

18. That upon information and belief, Defendant by and through its agents, servants, and/or employees failed to take any action regarding Plaintiff's condition and/or treatment after receiving results of Plaintiff's venous duplex scan and arterial Doppler from Memorial Hospital.

19. That Defendant, by and through its agents, servants, and/or employees, breached its duty of care owed to Plaintiff by committing the following acts or omissions of negligence:

  a. Continuously failing to provide appropriate care and management for Plaintiff's circulatory condition;
  b. Failing to properly instruct Plaintiff on his condition and medication management;
  c. Failing to timely and properly handle, maintain, and/or take appropriate action on Plaintiff's abnormal test results received from Memorial Hospital;
  d. Failing to timely and properly notify and/or communicate with Plaintiff regarding his abnormal test results;
  e. Failing to timely and properly communicate and/or coordinate care with Plaintiff's treatment providers; and/or
  f. Otherwise failing to render treatment to Plaintiff in a reasonable prudent manner.

20.	That as a direct and proximate result of Defendant's negligence, Plaintiff's condition went diagnosed and untreated, deteriorated, and Plaintiff underwent a partial amputation of his right leg in July of 2015.

21.	That as a direct and proximate result of one or more of the aforesaid acts or omissions of negligence on part of this Defendant, the Plaintiff sustained severe and permanent injuries to various parts of his body, including, but not limited to, the partial loss of Plaintiff's right leg, thereby resulting in the following items of damages:

   a. Past and future wage losses and/or impairment in earning capacity;
   b. Past and future pain and suffering, both physical and mental;
   c. Past and future medical expenses;
   d. Disability and/or loss of a normal life;
   e. Disfigurement.

22.	That pursuant to 735 ILCS 5/2-622, an affidavit of counsel is attached setting forth that the undersigned obtained a consultation as required by 735 ILCS 5/2-622(1), and that there is meritorious cause for filing this action. (See Exhibit A), and an affidavit from the healthcare professional (See Exhibit B).

WHEREFORE, Plaintiff, Craig Scott, prays judgment against Defendant The United States of America, in a sum reasonable and equitable and in excess of Fifty Thousand Dollars and 00/100 ($50,000.00), plus cost of suit and for any other and further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**WEILMUENSTER & KECK, P.C.**

By:  /s/ Nathaniel O. Brown
     J. Michael Weilmuenster
     IL No: 06197044
     Nathaniel O. Brown
     IL No: 6302492

Attorneys for the Plaintiff
3201 West Main Street
Belleville, Illinois 62226
(618) 257-2222 – Phone
(618) 257-2030 - Fax