IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG SCOTT,<br><br>        **Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA and PROTESTANT MEMORIAL MEDICAL CENTER, INC.,<br><br>        **Defendants.** | Case No. 3:18-CV-629-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion to compel filed by Plaintiff Craig Scott directed toward Defendant Protestant Memorial Medical Center, Inc., d/b/a Memorial Hospital ("Memorial Hospital") (Doc. 155). Memorial Hospital filed a timely response in opposition (Doc. 157). The Court now rules as follows.

### BACKGROUND

With this motion, Plaintiff seeks to compel the production of the provider dictionaries from an automated fax delivery system for twenty-eight civilian clinic physicians and residents[1] from 2013 to 2015 by Defendant Memorial Hospital (Doc. 155). Defendant Memorial Hospital has already supplied the fax dictionaries for Dr. Erynn Elleby, Plaintiff's primary care physician. Because the fax number associated with Dr.

---

[1] E. Charles Robacker; Michael Temporal; Cameron Gilmore; Robert Schaefer; Tina Kearney; Terrance Craion; Sarah Gebauer; Shannon Witty; Anne Nash; Alka Aggarwal; Katie Awad; Alex LaBounty; Komal Hanif; Marjorie Gutherie; Richard Shaffer; Sabha Cheema; Gia Patel; Bart Worthington; Kristina Raveendran; Steven Whealon; Reena Patel; Graham Foster; Stacy Jefferson; Hayley Liptak; Andrew Hellenga; Aaron Lloyd; Adam Pasternak; and Jessica Grimes.

Elleby within Memorial Hospital's fax system was used by a neighboring military clinic operated by the United States Air Force, Memorial Hospital also provided fax dictionaries for fifty providers at the military clinic (Doc. 157-1). As part of his Amended Complaint, Plaintiff alleges that Defendant Memorial Hospital failed to timely and properly transmit records of care concerning Plaintiff to his primary care physician (Doc. 31). Plaintiff asserts that the United States military clinic did not receive any medical records directed to Dr. Elleby (Doc. 155). Further, Plaintiff states that the medical records clerks at the civilian clinic, where Dr. Elleby practiced, frequently faced issues with receiving faxes from Memorial Hospital (*Id.*). Considering this information, Plaintiff argues that provider dictionaries for twenty-eight civilian clinic providers are relevant to know what number Memorial Hospital was using for clinic providers between 2013-2015 and to know whether any changes were made to the numbers used during that time (*Id.*).

In response, Defendant Memorial Hospital argues that the requested documentation is burdensome and overly broad as it pertains to physicians that did not treat Plaintiff and have no relationship to the issues in the case (Doc. 157). Defendant also points to Dr. Elleby's testimony that she has no recollection of issues receiving medical records from Memorial Hospital to show that the discovery requested is irrelevant (Doc. 157).

## LEGAL STANDARD

The scope of discovery in federal civil cases is governed by Federal Rule of Civil Procedure Rule 26. A party may object to the relevance of discovery sought, though Rule 26 defines the term broadly. FED. R. CIV. P. 26(b)(1) permits a party to obtain discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). District courts have broad discretion to control discovery and may limit the scope of discovery if the discovery sought is obtainable in some less burdensome manner. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Strong public policy considerations favor the disclosure of relevant materials such that "before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Id.* (internal quotations omitted).

## ANALYSIS

Here, Plaintiff Scott argues that the requested discovery, provider dictionaries for twenty-eight civilian clinic providers, is relevant. Specifically, Plaintiff asserts that all parties have placed the reliability of communications between Memorial Hospital and both the military and civilian clinics into controversy including Memorial Hospital's proper fax transmission of emergency room records to Plaintiff's primary care physician (Doc. 158). Moreover, the proper transmission of Plaintiff's medical records is a component of Plaintiff's negligence claim against Memorial Hospital. Plaintiff's request is limited in time from 2013-2015 when Dr. Elleby served as a resident in the clinic. Additionally, the dictionaries requested are limited to twenty-eight providers practicing

in the clinic during the same period. Defendant Memorial Hospital has delivered provider dictionaries for fifty military clinic physicians, so the information is accessible and not overly burdensome to produce. The provider dictionaries requested can certainly lead to the discovery of relevant information, especially with regards to the communication between Memorial Hospital and the civilian clinic, where Plaintiff's primary care physician worked.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff Craig Scott's Motion to Compel Directed to Defendant Memorial Hospital (Doc. 155). Memorial Hospital is **ORDERED** to produce screen shots of the provider dictionaries from their automated fax delivery system for the twenty-eight civilian clinic physicians identified by Plaintiff[2] between 2013 and 2015 within **14 days** of this Order.

**IT IS SO ORDERED.**

DATED:   September 10, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] *See* note 1.